IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.   08-3282 |
| ) | |
| IRVING COHEN, THE WINDSOR ) | |
| ORGANIZATION, INC., and 3-B ) | |
| STORES, INC., ) | |
| ) | |
| Defendants. ) | |

ORDER

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the motion of one of the Defendants to strike certain allegations of the complaint.

This is an action wherein Plaintiff United States of America seeks a determination that Defendant The Windsor Organization, Inc. is a nominee of Defendant Irving Cohen, and seeks to foreclose a federal tax lien upon real property, title to which is held by Windsor, to satisfy tax liability allegedly owed by Cohen.

Windsor moves under Federal Rule of Civil Procedure 12(f) to strike

certain allegations of the Plaintiff's complaint.  Pursuant to Rule 12(f), a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike are generally disfavored, though they can be useful in removing "unnecessary clutter" from the case.  See Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989).

Windsor moves to strike paragraphs 9, 12 and 14 through 20 of the complaint.  Paragraph 9 states, "In 1986, the IRS determined that Cohen was involved in an abusive tax shelter scheme and individually assessed penalties pursuant to I.R.C. § 6700 against him."  In paragraph 12 the Plaintiff alleges, "The April 30, 1999 judgment originated from an elaborate abusive tax shelter scheme conceived by Cohen, which he organized and promoted."  Windsor contends that in paragraphs 14 through 20, the Plaintiff alleges unnecessary particulars relating to William Reed's alleged tax fraud scheme.[1]

Windsor asserts that this immaterial and scandalous matter appears

---

[1] According to the complaint, Irving Cohen was a customer of Reed.

2

intended to cast a disreputable light upon Windsor as a complicit party in any wrongful conduct of Cohen and/or Reed, and that matter has no essential or important relation to the subject matter of the litigation. Windsor notes that the elements of the Plaintiff's claim under 26 U.S.C. § 7403 are existence of tax liability, and the liable party's rights, titles, and interests in any property upon which the Plaintiff could enforce a lien.

The Plaintiff contends that paragraphs 9 and 12 contain allegations establishing the basis for the IRS's tax assessments and judgment against Irving Cohen, while paragraphs 14 through 20 contain allegations supporting its nominee claim showing Cohen's direct connection to William Reed, an "asset protection" promoter, whose scheme Cohen used to create his nominee Windsor. The Plaintiff asserts that these allegations were narrowly drafted and are pertinent and relevant to this action, in that they address matters that bear upon its claims that Cohen owes federal taxes for which the United States has a valid judgment and that Cohen used a nominee to conceal his assets.

After carefully reviewing the allegations of the complaint, the Court

is unable to conclude that paragraphs 9, 12 and/or 14 through 20 contain statements that are immaterial, impertinent or scandalous and must be stricken under Rule 12(f).  At this stage of the litigation, it appears there is a reasonable chance that the allegations at issue may be relevant.  Accordingly, the Court will DENY Windsor's motion.

Ergo, the motion of Defendant The Windsor Organization, Inc., to strike certain allegations of the complaint [d/e 9] is DENIED.  Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), the Defendant shall have ten days from the date it receives notice of this Order in which to file an amended answer.

ENTER: March 5, 2009

                FOR THE COURT:

                                      s/Richard Mills
                                      United States District Judge