E-FILED
Tuesday, 21 April, 2009  04:48:56 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   08-3282 |
| | ) | |
| IRVING COHEN, THE WINDSOR | ) | |
| ORGANIZATION, INC., and 3-B | ) | |
| STORES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on Defendant Irving Cohen's motion to strike and Defendant The Windsor Organization's amended motion for leave to sell real estate the subject of complaint and to attach the Plaintiff's lien to the net proceeds of sale.

I.

In an Order entered on March 6, 2009, the Court denied a motion filed by Defendant Windsor to strike certain allegations of the complaint. Defendant Cohen has filed a motion to strike relating to the same

allegations.  Cohen's motion is almost and exact copy of Windsor's motion.
In denying Windsor's motion, the Court held that it was "unable to
conclude that paragraphs 9, 12 and/or 14 through 20 contain statements
that are immaterial, impertinent or scandalous and must be stricken under
Rule 12(f).  At this stage of the litigation, it appears there is a reasonable
chance that the allegations at issue may be relevant."  For the same reasons,
the Court hereby DENIES Cohen's motion.

## II.

In support of its amended motion, Windsor notes that Plaintiff
United States has attached federal tax liens upon the improved commercial
real estate of Windsor, commonly described as 709-719 West Jefferson
Street, Springfield, Sangamon County, Illinois ("the Real Estate").  Windsor
wishes to sell the Real Estate to a potential buyer, RR Company of America,
LLC, 1100 Camellia Boulevard, Suite 201, Lafayette, Louisiana, 70508
("the Potential Buyer").

Windsor further states that the Real Estate has been listed for sale for
more than five years without an acceptable offer.  Although the Potential

Buyer initially offered $2,000,000 to purchase the property, the parties negotiated further and have tentatively agreed upon a purchase price of $2,200,000, which Windsor claims is a fair price.

Windsor alleges that to accommodate the sale, it is necessary that the Plaintiff's lien be removed from the Real Estate.  Windsor proposes that the lien then attach to the net proceeds from the sale to be held in escrow after payment of closing costs, commissions, and satisfaction of the priority mortgage lien of the Defendant, 3-B Stores, Inc., as well as the satisfaction of any other priority liens and encumbrances.  According to Windsor, such escrowed funds would thereafter be applied as directed by the Court through resolution or conclusion of the case.  Windsor also seeks oral argument on this motion on the basis that the Court's decision bears great import to the ultimate disposition of the case.

In conditionally opposing Windsor's motion, the United States alleges that Windsor is Cohen's nominee and that Cohen is therefore the beneficial owner of the Property.  The Plaintiff states that it has "concerns" regarding Windsor's proposed sale.  Although it does not oppose sale disbursements

for "reasonable" closing costs or even to a valid lien holder with priority over the federal tax liens, the Plaintiff strongly opposes distributions from the net proceeds to anyone whose claim is inferior to the federal tax liens.

The Plaintiff notes that, except for Defendant 3-B Stores, Inc., Windsor has failed to specify the type or amount of "closing costs, commissions" or to identify any other lien holders or encumbrances. Instead, Windsor simply asks the Court to approve its motion allowing the Plaintiff's federal tax lien to attach to only net proceeds after payment of these vague disbursements. Accordingly, the Plaintiff requests that the Court order Windsor to submit a detailed accounting of all proposed costs of sale or other disbursements to be paid from the sale proceeds, and provide an opportunity to challenge Windsor's submission.

The Court agrees with the United States to the extent that there is not enough information to rule on Windsor's amended motion for leave to sell the real estate and attach the Plaintiff's lien to the net proceeds. An accounting as requested by the Plaintiff will likely provide the Court with the necessary information. Following the parties' submissions, the Court

4

will consider Windsor's request for oral argument if it appears that may be beneficial in resolving the issue.

<u>Ergo</u>, the motion to strike filed by Defendant Irving Cohen [d/e 18] is DENIED.  Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), the Defendant shall have ten days from the date it receives notice of this Order in which to file an amended answer.

Defendant Windsor's motion for leave to sell real estate the subject of the complaint and attach the Plaintiff's lien to net proceeds of sale [d/e 15] is DENIED AS MOOT.

The Court hereby DEFERS ruling on Windsor's amended motion [d/e 16] for leave to sell the real estate.  Windsor is Directed to submit a detailed accounting of all proposed costs of sale or other disbursements to be paid from the sale proceeds.  The United States will have ten days to file a supplemental response following Windsor's submission.

ENTER: April 20, 2009

FOR THE COURT:

s/Richard Mills
United States District Judge

5