IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.  08-3282 |
| ) | |
| IRVING COHEN, THE WINDSOR ) | |
| ORGANIZATION, INC., and 3-B ) | |
| STORES, INC., ) | |
| ) | |
| Defendants. ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the amended motion of The Windsor Organization, Inc., one of the Defendants, to sell Real Estate which is the subject of the Complaint, and attach the Plaintiff's lien to the net proceeds of sale.

In an Order entered on April 21, 2009, the Court deferred ruling on Windsor's amended motion.  Windsor was directed to submit a detailed accounting of all proposed costs of sale or other disbursements to be paid from the sale proceeds.  In conditionally opposing the motion, Plaintiff

United States of America was concerned that Windsor's proposed sale would result in distributions from the net proceeds to others whose claim is inferior to the federal tax liens. Although it does not oppose sale disbursements for "reasonable" closing costs or even to a valid lien holder with priority over the federal tax liens, the Plaintiff strongly opposes distributions from the net proceeds to anyone whose claim is inferior to the federal tax liens. The Plaintiff was given ten days to respond to Windsor's accounting. Because the Plaintiff has not filed a response to Windsor's supplemental filing, the Court presumes that Plaintiff no longer objects to that Defendant's amended motion.

 Windsor alleges that to accommodate the sale, it is necessary that the Plaintiff's lien be removed from the Real Estate. Windsor proposes that the lien then attach to the net proceeds from the sale to be held in escrow after payment of closing costs, commissions, and satisfaction of the priority mortgage lien of Defendant, 3-B Stores, Inc., as well as the satisfaction of any other priority liens and encumbrances. According to Windsor, such escrowed funds would thereafter be applied as directed by the Court

through resolution or conclusion of the case.

According to the accounting of proposed costs of sale submitted by Windsor, the estimated closing costs amount to $239,175.[1] Windsor stated that when this amount is deducted from the proposed sale price of $2,200,000, the net sale proceeds before deducting first mortgage payoff will be $1,960,825.

The Plaintiff previously noted that, except for Defendant 3-B Stores, Inc., Windsor has failed to specify the type or amount of "closing costs, commissions" or to identify any other lien holders or encumbrances. According to a Disclosure filed by 3-B Stores, Inc., the balance due as of May 1, 2009, on the first mortgage loan indebtedness is $294,406.40. Thus, 3-B Stores submits that in the event Windsor's motion for leave to sell real estate is allowed, the first mortgage lien of 3-B Stores, Inc., should be paid from sale proceeds at the Closing. This would leave a balance of $1,666,418.60.

---

[1] The estimated closing costs include the following: a Realtor's Commission of $220,000; ALTA Survey of $5,000; Seller's Attorney's Fees of $5,000; Title and Escrow Fees of $5,750; Revenue Transfer Stamps of $3,300 and Recording Fees of $125.

Having reviewed Windsor's accounting and the submission of 3-B Stores, Inc., the Court concludes that Windsor's amended motion to sell real estate the subject of complaint and attach Plaintiff's lien to net proceeds of sale should be Allowed.

Ergo, the amended motion filed by Defendant The Windsor Organization, Inc., for leave to sell the Real Estate which is the subject of the Complaint and attach Plaintiff's lien to the net proceeds of the sale [d/e 16] is ALLOWED.

It is ORDERED that the Plaintiff's lien attached to the Real Estate is removed to allow for the sale of the Real Estate which is the subject of the Complaint.

It is further ORDERED that the Plaintiff's lien will attach to the net proceeds from the sale to be held in escrow after payment of closing costs, commissions, and satisfaction of all priority liens and encumbrances, including the priority mortgage lien of Defendant 3-B Stores, Inc.

Windsor is DIRECTED to pay the net proceeds of the sale to the Clerk of Court. The Clerk is DIRECTED to hold the sales proceeds in

escrow until the resolution of this lawsuit.

ENTER: June 9, 2009

    FOR THE COURT:

                      s/Richard Mills
                      United States District Judge