IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.  08-3282 |
| ) | |
| IRVING COHEN, THE WINDSOR ) | |
| ORGANIZATION, INC., and 3-B ) | |
| STORES, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

RICHARD MILLS, U.S. District Judge:

Pending is the motion of Defendant The Windsor Organization, Inc. [Windsor II] to strike the declaration of Christine A. Footit [d/e 147]. Pending also is Windsor II's motion to strike the Plaintiff's opposition to Windsor II's motion to strike the declaration of Christine A. Footit [d/e 153].

Attached as Exhibit A to the Plaintiff's Response to the Defendant's Motion for Summary Judgment is the Declaration of Christine A. Footit, the Senior Stakeholder Liaison with the Internal Revenue Service, SBSE

Small Business, Communications, Liaison and Disclosure section. Windsor II claims that the Declaration should be stricken because it is not based on personal knowledge, in violation of Rule 56(c)(4) of the Federal Rules of Civil Procedure. On June 29, 2011, Footit received copies of documents from Attorney Sean Beaty, counsel for the Plaintiff, and was asked to undertake certain assignments related to the documents.

Windsor II asserts that Footit has not been disclosed or qualified as a witness in this case and cannot testify to matters outside of her personal knowledge. She has no personal knowledge of the matters to which she testifies in her Declaration. The Plaintiff notes that the parties scheduled Footit's deposition for August 4, 2011.

The Court has reviewed Footit's Declaration and concludes that the information contained therein is potentially relevant pursuant to the Rules of Evidence. In its response, the Plaintiff claims that the information in the Declaration may qualify as summary evidence under Rule 1006 of the Federal Rules of Evidence. That rule provides:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court

> may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

Fed. R. Evid. 1006. Footit's Declaration appears to summarize evidence which is somewhat voluminous. Because it is potentially relevant, the Court will Deny the motion to strike.

Following the Plaintiff's Response to Windsor II's Motion, Windsor II moved to strike the Response on the basis that it contains further argument. In its Response to the initial Motion, the Plaintiff also requested a ruling in limine from the Court regarding the relevance of Defendant Irving Cohen's alleged efforts to launder funds through various nominees to himself.

After considering the actual Response to the Motion to Strike, the Court will strike that portion of the Response that seeks additional relief. A response to a motion to strike is not the proper vehicle in which to seek additional relief.

The Court will also strike that portion of Windsor II's Memorandum

3

in Support of its Motion to Strike Plaintiff's Opposition to Windsor II's Motion to Strike the Declaration of Christine A. Footit which actually serves as a Reply to the Plaintiff's Response.  Reply memorandums are generally not permitted.  See CDIL LR 7.1(B)(3).

Ergo, the Motion of The Windsor Organization, Inc. to strike the Declaration of Christine A. Footit [d/e 147] is DENIED.  The Motion of The Windsor Organization, Inc. to Strike the Plaintiff's Opposition to its Motion to Strike [d/e 153] is ALLOWED IN PART and DENIED IN PART.  It is ALLOWED to the extent that the Plaintiff seeks additional relief in limine.  It is DENIED in other respects.  The portion of the Motion which serves as a Reply to the Plaintiff's Response to the Motion to Strike is also STRICKEN.

ENTER: October 17, 2011

    FOR THE COURT:

               s/Richard Mills
               United States District Judge